**IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

|   |   |   |
|---|---|---|
| In re: | : | Chapter 13 |
|  | : |  |
| DARRYL A. SELAND, | : | Case No. 19-14630 (JKF) |
|  | : |  |
| Debtor | : |  |
|  | : |  |

**OBJECTION OF FRANKLIN MINT FEDERAL CREDIT UNION TO
CONFIRMATION OF DEBTOR'S CHAPTER 13 PLAN DATED JULY 24, 2019**

TO:   THE HONORABLE JEAN K. FITZSIMON,
      UNITED STATES BANKRUPTCY JUDGE

Franklin Mint Federal Credit Union ("FMFCU"), by and through its undersigned attorneys, hereby objects to confirmation of the Chapter 13 plan dated July 24, 2019 (the "Plan") proposed by debtor Darryl A. Seland (the "Debtor"), and in support thereof represents as follows:

**BACKGROUND**

1.   On or about May 26, 2017, FMFCU made certain loans, advances, and extensions of credit to the Debtor in an amount not to exceed $39,000.000 (the "Loan") pursuant to the terms of that certain Note for Loans Secured by Real Estate (the "Note").

2.   In consideration for the Loan, the Debtor gave a mortgage (the "Mortgage") in favor of FMFCU on certain real property known as and located at 567 Summit House, West Chester, PA 19382 (the "Property").

3.   The Mortgage was recorded in the Chester County Recorder of Deeds on June 16, 2017 in Book 9560, Page 1627 at Instrument No. 11549106.

4.   On July 24, 2019 (the "Petition Date"), the Debtor filed a voluntary petition pursuant to Chapter 13 of Title 11 of the United States Code (the "Bankruptcy Code").

5.  As of the Petition Date, FMFCU held, among other things, a claim secured by the Mortgage on the Property in an amount no less than $37,096.53 (the "Claim").  Proof of this Claim will be filed with the Court on or before the bar date, which Claim is incorporated herein by reference as if set forth fully herein.

6.  The Plan provides that the Claim will be dealt without outside of the Plan.  See Plan, § 4(a).

7.  Specifically, the Plan indicates that "[i]f checked, debtor will pay the creditor(s) listed below directly in accordance with the contract terms or otherwise by agreement" and specifically identifies FMFCU as such a creditor.  Plan, § 4(a).

8.  This treatment is acceptable to FMFCU.  However, the box is not checked.

9.  For the following reasons, FMFCU objects to confirmation of the Plan pursuant to Section 1324(a) of the Bankruptcy Code.

## THE RELIEF REQUESTED AND THE REASONS THEREFOR

10.  The Bankruptcy Code provides that a Chapter 13 plan shall be confirmed if it "complies with the provisions of this chapter and with the other applicable provisions of this title." 11 U.S.C. § 1325(a)(1).

11.  Although it appears that the Debtor intends to make regular monthly payments to FMFCU on account of the Loan, the Plan does not actually so provide.  See Plan, § 4(a).

12.  If the Debtor intends for the Claim to receive treatment other than that provided in Paragraph 11, it must so provide.  11 U.S.C. § 1325(a)(5)(B)(i).

13.  Because the Plan does not comply with the requirements of the Bankruptcy Code, confirmation must be denied.  See 11 U.S.C. § 1325(a)(1).

## CONCLUSION

14. For the foregoing reasons, confirmation of the Plan should be denied.

WHEREFORE, Franklin Mint Federal Credit Union respectfully requests the entry of an order denying confirmation of the Plan for the foregoing reasons, together with such other and further relief as is just and proper.

    Respectfully submitted:

    KLEHR | HARRISON | HARVEY| BRANZBURG LLP

By:  */s/Corinne Samler Brennan*
    Corinne Samler Brennan, Esquire
    1835 Market Street, Suite 1400
    Philadelphia, PA 19103
    Telephone: (215) 569-3393

*Counsel to Franklin Mint Federal Credit Union*

Dated: August 20, 2019